IN THE UNITED STATES COURT OF APPEALS FOR

THE THIRD CIRCUIT



LEROY BROOKS

APPELLANT

VS

UNITED STATES OF AMERICA

RESPONDENTS

DISTRICT COURT CASE NO.'S

14-CR-382-02
14-CR-382 RMB

---

MOTION TO SUBSTITUTE CURRENT APPELLATE COUNSEL

RICHARD SPARACO

---

Comes now Appellant Pro Se Leroy Brooks who move this Honorable Appellate Court pursuant to Fed.R.App.P.27(a) to substitute his present Appellate Counsel Richard Sparaco, with "NEW" APPELLATE "COUNSEL" for the following reasons. The United States Court Of Appeals For The Third Circuit has defined "good cause" as a Conflict Of Interest, (2) A complete breakdown of communication, or (3) an irreconcilable conflict with an attorney. See Gillette v United States (CA3 2013).

In United States v Caban (CA3 July 8, 2014), 573 Fed. Appx. 172, This Court held, An Appellate Court reviews a denial of a motion to substitute counsel for ABUSE OF DISCRETION. The Court held--a district

court abuses its discretion only if <u>cause is shown</u> for the defendant's dissatisfaction with his current attorney. To show <u>good cause,</u> a defendant must demonstrate a conflict of interest, (2) a complete breakdown of communication, or an irreconcilable conflict with an attorney. The Appellate Court will not find a 6th Amendment violation unless the district court's <u>"good cause"</u> determination was clearly erroneous or the district court made no inquiry into the reason for the defendant's request to substitute counsel. We review denial of a motion to substitute counsel for abuse-of-discretion, see United States v Goldberg, 67 F.3d 1092, 1097 (3d.Cir. 1995). A district court abuses its discretion <u>"Only if good cause is shown for defendant's dissatisfaction with his current attorney. See United States v Gillette 738 F.3d 63 (3d. 2013).</u>

## ABUSE OF DISCRETION STANDARDS

The abuse of discretion standard does not preclude an appellate court's correction of a district court's legal or factual error: A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence. See Cooter & Gell v Hartmarx Corp., 496 U.S. 384, 405, 110 S.CT. 2447, 110 L. Ed. 2d 359 (1990). See Highmark Inc., v Allcare Health management System, Inc., 572 U.S. ____, 134 S. Ct. ____, 188 L. Ed. 2d 829, 20144 US LEXIS 3106 (April 29, 2014).

In Kroungold v Triester, (CA3 1975) 521 F.2d 763, We applied the abuse-of-discretion standard in reviewing district court dispositions of motions to disqualify counsel grounded on Canon 4 Of The Code Of Proffessional Responsibility which relates to the fidicuary relationship existing between, <u>Lawyer & Client</u> in Richardson v Hamilton International Corporation 469 F.2d 1382, 1386 (3d.Cir. 1972).

## <u>FACTUAL ARGUMENT OF GOOD CAUSE FOR SUBSTITUTE COUNSEL</u>
## <u>FOR APPELLANT LEROY BROOKS</u>

Appellant move this Court to appoint him substitute counsel to prepare his direct appeal due to the conflict of interest that exists between him and current Counsel Richarad Sparaco. Appellant Brooks has written to the American Bar Association in Philadelphia, PA., about his present counsel Mr. Sparaco who has shown no interest in his District Court Pre-Trial and Guilty Plea And Sentencing phases of his case and he asserts that Counsel Sparaco and him do not see eye-to-eye and he do not have his best interest and he feels very uncomfortable with Counsel Sparaco's continued representation of his Direct Appeal and ask and move this Court to excuse and replace Counsel Sparaco to avoid ineffectiveness on appeal, etc.
Appellant Brooks wrote a 30-point complaint to the U.S. District Court Judge Renee Marie Bumb as well as the American Bar Association about Counsel Sparaco's ineffectiveness of counsel and Judge Bumb refused to adhere to an abuse-of-discretion and the procedural error of

a viable case of ineffective assistance of counsel and let Counsel Sparaco to continue to ineffectively represent Mr. Brooks, Appellant. This is procedural, clear and plain error and an abuse-of-discretion by Judge Bumb and must be rectified by this Third Circuit Appeals Court so that Appellant's Due Process Of Law and his Due Process Rights will not be violated under the 5th 6th and 8th and 14th Amendments of The United States Constitution. He is after all entitled to Equal Protection Of The LAW as well with EFFECTIVE Counsel as guaranteed by the 6th Amendment for each and every American Citizen. Appellant Brooks further asserts that he does not feel comfortable with Mr. Sparaco filing his direct appeal and it will create a great miscarriage of justice for this Court to allow Mr. Sparaco to continue to represent Mr. Leroy Brooks after he done complained in the District Court as well as this Court now about his present attorney's ineffectiveness before this Court allows this attorney to continue to ineffectively represent Mr Leroy Brooks. Counsel Sparaco failed to subpoena witnesses during trial, failed to answer emails from Appellant Brooks and had a bad attitude and verbal response to any questions asked by Mr. Brooks. This is not Effective Counsel that is guaranteed under the 6th Amendment.

## RELIEF

Under the 6th Amendment and do to the argument herein, I Leroy Brooks Appellant, move this Court Of Appeals For The Third Circuit to please appoint me new appellant counsel for my direct appeal to the Third Circuit.

*Leroy Brooks*
LEROY BROOKS # 65568-050
USP CANAAN   P.O. BOX 300
WAYMART, PA.  18472

7-10-17
Date

## CERTIFICATE OF SERVICE

I Leroy Brooks, Appellant and Pro Se do herby certify that on July 10, 2017 that I mailed a true and complete copy of this Motion to the following below by depositing this instrument in the US Mailroom mailbox here at USP Canaan using the correct US POSTAGE.

1. Clerk Of Court
   James A. Byrne United States Courthouse
   601 Market Street Room 21400
   Philadelphia, Pa. 19106 1729

2. Matthew J. Skahill
   AUSA
   401 Market Street
   Camden, N.J. 08101

3. "Law Offices Of Richard Sparaco"
   Richard Sparaco ESQ
   1920 Fairfax Avenue
   Cherry Hill, N.J. 08003



Mr. Leroy Brooks # 65568-050
United States Penitentiary Canaan
PO Box 300
Waymart, Pa. 18472

LEHIGH VALLEY PA 180
11 JUL 2017 PM 4 L

CLERK OF COURT
JAMES A. BYRNE UNITED STATES COURTHOUSE
601 Market Street Room 21400
Philadelphia, Pa.
19106-1729

19106-179059

