IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | APPELLATE DOCKET NUMBER |
| | : | 17-1681 |
| Appellee, | : | |
| | : | |
| -v- | : | |
| | : | |
| LEROY BROOKS | : | |
| | : | |
| Appellant. | : | ELECTRONICALLY FILED |

_____

CERTIFICATION BY APPELLANT'S COUNSEL IN RESPONSE TO
APPELLANT'S *PRO SE* MOTION TO SUBSTITUTE COUNSEL
_____

I, Richard Sparaco, hereby certify that:

1. I am the attorney for the appellant, having been appointed to represent the defendant/appellant Leroy Brooks under the Criminal Justice Act.

2. I have had no issues communicating with my client, Leroy Brooks. The appellant is able to send mail and email to me, and I am able to respond and have routinely responded to his mail and emails. We have corresponded *via* email and letters regularly throughout my representation, both at the District Court level and recently as his appellate counsel.

1

3.      Appellant has previously raised the same issues at the District Court level, alleging conflicts of interest and disagreements over the manner of presenting his defense, calling witnesses, etc.  Hearings have been held in the District Court to resolve appellant's desire to replace counsel, all with the same result: appellant is given the choice of hiring his own counsel, self-representation, or continuing with current counsel.  Each time, the appellant has chosen to continue with current counsel.

4.      Nothing has changed since the last time the District Court denied appellant's request for re-assignment of counsel.

5.      As to appellant's specific factual allegations, counsel responds as follows:

> a. Lack of Interest: Appellant asserts the counsel "has shown no interest in [appellant's] District Court Pre-Trial and Guilty Plea and Sentencing phases of his case . . . ."  First, there was no guilty plea; this matter was tried to a jury and concluded with a jury verdict.  Second, counsel believes that he has acted diligently in his representation of appellant throughout the pre-trial, trial and sentencing phases.
>
> b. Failure to see "Eye to eye":  It is true that appellant and I have disagreed on what witnesses to call in his defense.  However,

    those decisions, like most other decisions on strategy and manner or proceeding are left to the discretion of counsel and are not grounds for counsel's removal.

   c. Failure to have appellant's "best interest": This is a very general allegation and I am not sure how to respond, except to say that I have not acted in any manner that is detrimental to appellant or appellant's case.

   d. Failure to answer emails: This simply is not true. Counsel has responded to all inquiries made by the appellant whenever a response was indicated. Further elaboration on this issue is preserved because of the attorney-client privilege, and can be revealed to the court if either the appellant waives confidentiality or the court wished to make *in camera* review of the emails and/or letters between me and appellant.

6.    Current counsel does not see any need for replacement at this time. However, should the court decide to assign new counsel, counsel will fully cooperated with newly appointed counsel so as not to delay the current proceedings.

7.   I certify that the foregoing statements made by me are true. I am aware that if any statement made by me is willfully false that I am subject to punishment.

Dated: July 24, 2017

_____
RICHARD SPARACO, ESQ.
Bar ID# 021291981
1920 Fairfax Ave.
Cherry Hill, NJ 08003
856-751-8888; rsparaco@me.com
Attorney for Appellant